IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Jerel Anderson,                 :
AIS #235137,                    :
                                :
     Plaintiff,                 :
                                :
vs.                             :        CIVIL ACTION 15-648-WS-M
                                :
Monica Mcoy,                    :
                                :
     Defendant.                 :


REPORT AND RECOMMENDATION

This action under 42 U.S.C. § 1983 brought by a
Plaintiff proceeding *pro se* and *in forma pauperis,* was
referred to the undersigned pursuant to 28 U.S.C. §
636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before
the Court for the screening of Plaintiff's, Jerel
Anderson's, Complaint (Doc. 4) pursuant to 28 U.S.C. §
1915A.  After careful consideration of the record, it is
recommended that this action be dismissed with prejudice
prior to service of process pursuant to 28 U.S.C. §
1915(e)(2)(B)(ii).

PROCEDURAL BACKGROUND

Plaintiff, Jerel Anderson, is an Alabama Department of
Corrections ("ADOC") inmate, currently serving a twenty

1

year sentence at the Draper Correctional Facility[1]. (Doc. 7). Plaintiff filed his Complaint (Doc. 4)[2] on January 14, 2016, alleging violations of his constitutional rights under § 1983. Therein, Plaintiff named as a Defendant, Monica Mcoy, Captain at Fountain Correctional Facility. For relief, Plaintiff seeks to have Defendant McCoy pay for his property. (Doc. 4 at p.7).

FACTUAL BACKGROUND

Plaintiff asserts that on July 6, Defendant Mcoy "took my property from me for behavior reason (sic) but never return it." (Doc. 4 at p. 5-6). More specifically, Plaintiff stated as follows:

> My personal belonging were confiscated for behavore (sic) reason by Cpt. Mcoy. After several weeks I had try to get my stuff back I was denied. Even when it was time to transfer she act like she had misplaced my stuff and told me she was going to mail it to me. I've been gone after from Fountain since Oct. 1. I have not receive my stuff yet.

(Doc. 4 at p. 4). Among the items Plaintiff alleges he was deprived of were hygeine products, cloths, thermals, sweat suits, pictures, stamps, and envelopes. (Id)

Standard of Review

---

[1] At the time of the incident that is the basis of the Complaint, Plaintiff was serving his sentence at Fountain Correctional Facility.
[2] Plaintiff filed his initial Complaint (Doc. 1) on December 21, 2015, but used an outdated form and was, thereafter, ordered to file his Complaint on the proper form. (Doc. 3). Plaintiff's second Complaint superseded his initial filing. (Id).

Under § 1915(e)(2)(B)(ii), a complaint may be dismissed for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v.*

*Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal*, 566 U.S. at 681, 129 S. Ct. at 1951.

### Discussion

The only claim asserted against Defendant Mcoy is one for deprivation of property, i.e., that Defendant took Plaintiff's personal property and did not return it.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974).  However, in a § 1983 action, the taking of property only violates the Constitution when it is done without due process of law. *Parratt v. Taylor,* 451 U.S. 527, 537, 101 S.Ct. 1908, 1914,

68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The Supreme Court held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984).  Some postdeprivation remedies that have satisfied due process are administrative procedures, *Parratt v. Taylor,* 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981) Parratt, 451 U.S. at 543-44, or ordinary state tort litigation procedures. *Hudson,* 468 U.S. at 535-36; *see Dawson v. City of Montgomery,* 2008 U.S. Dist. LEXIS 19833, 2008 WL 659800 (M.D.Ala. Mar.6, 2008) (unpublished) (finding that Alabama's conversion statute, Alabama Code § 6-5-260 (1975), is an adequate postdeprivation remedy); *Milton v. Espey,* 356 So.2d 1201 (Ala.1978); ALA. CODE § 6-5-262 (1975). Additionally, loss of property claims resulting from Alabama state agencies or their employees may be presented for compensation to the Alabama Board of Adjustment pursuant to Alabama Code §§ 41-9-60, *et seq.*

*See Johnson v. Patterson*, 2014 WL 4771738 (S.D. Ala. Sept. 24, 2014).

Because, in the present action, there is an alternative post-deprivation state remedy, Plaintiff's claim that Defendant Mcoy violated his due process rights by taking his personal property, whether such was the result of negligence or an intentional act, cannot state a plausible due process claim. As result, Plaintiff's Complaint is due to be dismissed for failure to state a claim upon which relief can be granted.

CONCLUSION

After careful consideration of the record, it is recommended that this action be dismissed with prejudice prior to service of process pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii).

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to

object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 6th day of April, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE